Ejll KACAJ, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–1136.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Meer M.M. Rahman, Christophe & Associates, New York, N.Y., for Petitioner.

William W. Mercer, U.S. Atty. for the District of Montana, Elizabeth Horsman, Asst. U.S. Atty., Helena, Montana, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ejll Kacaj, a native and resident of Albania, petitions for review from the denial

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision affirms the IJ's holding in all respects but one, this Court will review the IJ's decision as modified by the BIA decision. *See Yang v. U.S. Dept. of Justice*, 426 F.3d 520, 522 (2nd Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ found Kacaj's testimony not credible because of any number of specifically detailed inconsistencies. Kacaj argues that many of these inconsistencies can be explained, but he fails to show that a reasonable factfinder would be compelled to credit his explanations. *See Zhou Yun Zhang*, 386 F.3d at 78. Further, while the IJ appears to have mischaracterized Kacaj's testimony at one point in his decision, this is a minor error that does not require remand because the evidence so overwhelmingly supports the IJ's adverse credibility finding. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

An adverse credibility determination that includes a finding that the applicant failed to establish a fact that "formed the only potentially valid basis" for the claim, may be a proper basis for the denial of CAT relief. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

In the instant case, the IJ found that Kacaj failed to establish he was a member of the Democratic Party or that he suffered past harm, the only fact that formed the basis for his claim that he would more likely than not be tortured because of his party membership. *See Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).